UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| HANOVER LLOYD'S INSURANCE COMPANY and THE HANOVER INSURANCE COMPANY, § § § § | |
| PLAINTIFFS § | CIVIL ACTION NO. 3:15-cv-03531 |
| § | |
| v. § | |
| § | |
| CHURCH MUTUAL INSURANCE COMPANY § § | |
| § | |
| DEFENDANT. § | |

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiffs, Hanover Lloyd's Insurance Company ("Hanover Lloyd's") and The Hanover Insurance Company ("Hanover"), file this Complaint for Declaratory Relief against Defendant, Church Mutual Insurance Company ("Church Mutual"), and alleges:

### I.

### PARTIES

1. Plaintiff Hanover Lloyd's Insurance Company is a corporation organized and existing under the laws of the State of Texas with its principal place of business in the State of Massachusetts.

2. Plaintiff The Hanover Insurance Company is a corporation organized and existing under the laws of the State of New Hampshire with its principal place of business in the State of Massachusetts.

3. Defendant Church Mutual Insurance Company is a corporation organized and existing under the laws of the State of Wisconsin with its principal place of business in the State of Wisconsin. It may be served through its registered agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

## II.

## JURISDICTION AND VENUE ALLEGATIONS

3.  The Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiffs and Defendant are citizens of different states, and the amount in controversy exceeds $75,000.00, excluding interest and costs.

4.  This is an action for declaratory judgment pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. §§ 2201-2202.  An actual and substantial controversy exists between the parties.  By this action, Plaintiffs seek a declaration related to the parties' duties to defend Arapaho Road Baptist Church as the named insured under their respective policies in the underlying actions styled *John Doe I, Jane Doe I, and Jane Doe II v. Arapaho Road Baptist Church, et al,* pending as Cause No. DC-15-03170 in the 68th District Court of Dallas County, Texas (the "*Jane Doe II Suit*"), and *Jane Doe 103 v. Arapaho Road Baptist Church*, pending as Cause No. DC-15-01325 in the 162nd District Court of Dallas County, Texas (the "*Jane Doe 103 Suit*") (together the "Underlying Actions").  The Underlying Actions seek more than $1 million in damages.

5.  Venue is proper in this court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## III.

## GENERAL ALLEGATIONS

6.  The plaintiffs in the Underlying Actions participated in youth-related programs at Arapaho Road Baptist Church ("ARBC") in Garland, Texas.

7.  In 2008, ARBC hired Joshua Earls to run the youth group at ARBC.

8.  In 2009, Jordan Earls, the brother of Joshua Earls, began volunteering and working for ARBC.

9.  In the Underlying Actions, plaintiffs Jane Doe II and Jane Doe 103 allege they were

sexually assaulted by Jordan and/or Joshua Earls while the men were working for ARBC. True and correct copies of the petitions filed in the *Jane Doe II Suit* are attached hereto as Exhibits 1 and 2. True and correct copies of the petitions filed in the *Jane Doe 103 Suit* are attached hereto as Exhibits 3, 4, 5 and 6.

The Church Mutual Policy – 10/30/08 to 10/30/10

10. Defendant Church Mutual issued Policy No. 0172752-02-984952 to ARBC, effective for two consecutive 12-month annual policy periods, from 10/30/08 to 10/30/10 (the "Church Mutual Policy"). The Church Mutual Policy's general liability coverage includes the relevant Sexual Misconduct or Sexual Molestation Liability Coverage for ARBC. Excerpts from the pertinent parts of the Church Mutual Policy are attached hereto as Exhibit 7.

11. The Church Mutual Policy includes a broad definition of "sexual misconduct or sexual molestation," which includes both non-touching and touching misconduct, as defined below:

> "Sexual misconduct or sexual molestation" is any activity which is sexual in nature whether permitted or unpermitted, including but not limited to, sexual assault, sexual battery, sexual relations, sexual acts, sexual activity, sexual handling, sexual massage, sexual exploitation, sexual exhibition, photographic, video or other reproduction of sexual activity, sexual stimulation, fondling, intimacy, exposure of sexual organs, lewd, or lascivious behavior or indecent exposure, fornication, undue familiarity, or unauthorized touching.

(Ex. 7, pp.14-15 ¶17)

12. The Church Mutual Policy's insuring agreement requires that for an act of "sexual misconduct or sexual molestation" to be covered, it must occur during the policy period. (Ex. 7, p.7 ¶C.2.b.(2))

13. The Church Mutual Policy also includes an anti-stacking provision that limits coverage to the single policy-period limits in force at the time the <u>first act</u> of covered sexual misconduct or sexual molestation regardless of the number of acts or period of time over which the

acts occur, as stated in the Texas Changes – Sexual Misconduct and Sexual Molestation Liability Coverage endorsement.  The same endorsement includes this same limitation for acts committed by two or more people acting together, as stated below:

   a. The Sexual Misconduct or Sexual Molestation Liability Coverage Each Person Limit is the most we will pay for the sum of all damages because of injury arising out of all covered acts of sexual misconduct or sexual molestation to one person, <u>regardless of the number of acts involving that person or the period of time over which such acts occur</u>, subject to the Each Person Limit of Insurance in force at the time the first act covered by this policy occurred.

   b. The Sexual Misconduct or Sexual Molestation Liability Coverage Each Occurrence Limit is the most we will pay for the sum of all damages because of injury arising out of all covered acts of sexual misconduct or sexual molestation by the same person, <u>or by two or more persons acting together</u>, <u>regardless of the number of acts of sexual misconduct or sexual molestation, period of time over which such acts occur, or number of persons acted upon</u>, subject to the Each Occurrence Limit of Insurance in force at the time the first act covered by this policy occurred.

(Ex. 7) (emphasis added)

Jane Doe II Suit

14. The *Jane Doe II Suit* alleges Joshua Earls was employed by ARBC in 2008 as a youth minister.

15. It is further alleged that during the summer of 2009, Joshua Earls began a pattern of "obscene, exploitive and inappropriate communication" with victim Jane Doe II.  (Ex. 1, p.3; Ex. 2, p.3)  This alleged non-touching conduct falls within the Church Mutual Policy's broad definition of sexual misconduct and sexual molestation and the Church Mutual policy periods.

16. The *Jane Doe II Suit* alleges that the "pornographic nature of the communications from Pastor Joshua Earls to Victim intensified and continued from the fall of 2011 through 2012" and ultimately resulted in Joshua Earls forcing "Victim's hand into his swimsuit causing her to touch his genitalia."  (Ex. 1, pp.3-4; Ex. 2, p.4)

17. The *Jane Doe II Suit* alleges Joshua Earls brought his younger brother, Jordan

Earls, into ARBC as a volunteer in the youth and music ministries. In this position, Jordan Earls allegedly approached Jane Doe II in the summer of 2011 and engaged in non-touching conduct of sending her sexual messages and asked for similar messages and communications in return. (Ex. 1, p.4; Ex. 2, p.4)

18. The *Jane Doe II Suit* claims the Earls brothers are fellow predators who used their unique positions with the youth ministry to groom and victimize Jane Doe II.

19. Church Mutual is defending ARBC in the *Jane Doe II Suit*.

The Jane Doe 103 Suit

20. The *Jane Doe 103 Suit* alleges ARBC hired Joshua Earls in 2008 to work with the youth ministry. (Ex. 3, p.3; Ex. 4, p.2; Ex. 5, p.2; Ex. 6, p.3)

21. The *Jane Doe 103 Suit* alleges Jordan Earls moved to Texas in 2009, shared a one bedroom apartment with his brother Joshua Earls, and helped his brother with youth music and youth groups at ARBC. (Ex. 3, p.3; Ex. 4, pp.2-3; Ex. 5, p.3; Ex. 6, p.3)

22. The *Jane Doe 103 Suit* alleges that "[b]oth Jordy Earls and Josh Earls quickly ingratiated themselves with the parents of the youth group kids and began 'grooming' Doe 103 and other minor girls who participated in Youth Choir and other youth activities." (Ex. 3, p.3; Ex. 4, p.3; Ex. 5, p.3; Ex. 6, p.3) This alleged non-touching conduct falls within the Church Mutual Policy's broad definition of sexual misconduct and sexual molestation and the Church Mutual policy periods.

23. It is alleged that "as early as 2009, Doe's own mother had reported to [ARBC] that Josh and Jordy Earls' conduct with girls was inappropriate." (Ex. 3, pp.4, 6; Ex. 4, pp.4, 6; Ex. 5, pp.4, 6; Ex. 6, pp.5, 7)

24. By 2012-2013, Jordan Earls allegedly sexually abused Jane Doe 103 by "ordered

5

masturbation, digital penetration and forced oral sex." (Ex. 3, p.7; Ex. 4, p.6; Ex. 5, p.6; Ex. 6, p.8)

25. The *Jane Doe 103 Suit* alleges both brothers sexually exploited and groomed Jane Doe 103, although Jordan Earls' sexual advances toward Jane Doe 103 escalated. (Ex. 3, p.4; Ex. 4, p.4; Ex. 5, p.4; Ex. 6, p.5)

26. Church Mutual is defending the *Jane Doe 103 Suit*.

The Hanover Policies – 10/30/10 to 10/30/12

27. Plaintiff Hanover Lloyd's issued ARBC Policy nos. ZLD 8914579 and ZLD 8914579 01, for consecutive policy periods from 10/30/10 to 10/30/12 (the "Hanover Policies). The Hanover Policies include Sexual Misconduct or Sexual Molestation Liability endorsements. A copy of the endorsement is attached hereto as Exhibit 8, and is fully incorporated herein.

28. The Hanover Policies define "sexual misconduct or sexual molestation" narrower than the Church Mutual Policy, as the Hanover Policies require actual physical touching to meet the definition.

29. The Hanover Policies' insuring agreement requires that the first act of sexual misconduct or sexual molestation occur during the policy period.

30. Similar to the Church Mutual Policy, the Hanover Policies also include anti-stacking provisions deeming the wrongful conduct to occur at the time of the first act.

31. The Hanover Policies also include several exclusions, including but not limited to the following prior insurance exclusion, that further limit and preclude stacking of policy benefits for this wrongful conduct:

    **B. Exclusions**

        This insurance provided under this endorsement does not apply to:

        **j. Prior Insurance or Prior Condition**

"Bodily injury":

1) For which insurance is afforded under any policy with a policy period that began prior to the beginning of the policy period for this insurance ….

(Ex. 8, p.3 ¶j(1))

32. Hanover Lloyd's withdrew its defense of ARBC in the Underlying Actions because Church Mutual affords a defense to ARBC as prior insurance. In response, Church Mutual has demanded that Hanover Lloyd's join it in defending ARBC and threatened litigation should Hanover Lloyd's refuse to do so.

33. Plaintiff Hanover issued ARBC Commercial Umbrella Policy nos. UHD 8914576-00 and UHD 8914576-01 for policy periods 10/30/2010 to 10/30/2012 (the "Umbrella Policies").

34. The Umbrella Policies include the following endorsement that precludes coverage for the Underlying Actions:

**TEXAS ABUSE OR MOLESTATION EXCLUSION**

This endorsement modifies insurance provided under the following:

COMMERCIAL LIABILITY UMBRELLA COVERAGE PART

The following exclusion is added to Paragraph 2., Exclusions of Section I – Coverage A – Bodily Injury And Property Damage Liability and Paragraph 2., Exclusions of Section I – Coverage B – Personal And Advertising Injury Liability:

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" <u>arising out of</u>:

1. The actual or threatened abuse or molestation by anyone of any person while in the care, custody or control of any insured, regardless whether the abuse or molestation was specifically intended or resulted from negligent conduct, or

2. The negligent:

   a. Employment;
   b. Investigation;

      c.      Supervision;
      d.      Reporting to the proper authorities, or failure to so report; or
      e.      Retention;

of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by Paragraph 1. above.

For the purpose of this endorsement **abuse** means an act which is committed with the intent to cause harm.

A copy of the endorsement is attached hereto as Exhibit 9, and is fully incorporated herein.

### IV.

### CLAIM FOR RELIEF - DECLARATORY JUDGMENT

35.    Plaintiffs re-allege and incorporate by reference the allegations above.

36.    By virtue of the foregoing, there exists an actual, justiciable controversy between the parties. Hanover Lloyd's and Hanover contend that they do not owe ARBC a duty to defend and Church Mutual contends Hanover Lloyd's does.

37.    Accordingly, Plaintiffs seek a declaration as to the duty to defend by Church Mutual and Plaintiffs in the Underlying Actions.

### V.

### JURY DEMAND

38.    Plaintiffs request that this civil action be tried before a jury.

### VI.

### PRAYER

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request judgment against Defendant as follows:

1. A declaration that Hanover Lloyd's and Hanover do not owe ARBC a duty to defend under the Hanover Policies and Umbrella Policies in the Underlying Actions;

2. A declaration that Defendant owes ARBC a duty to defend under the Church Mutual Policy in the Underlying Actions; and

3. Such other and further relief as to which Plaintiffs are justly entitled.

Respectfully submitted this 2nd day of November, 2015.

Respectfully submitted,


   */s/ Greg K. Winslett*
GREG K. WINSLETT
State Bar No.   21781900
TAMMY L. CLARY
State Bar No.   24001894
**QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
gwinslett@qslwm.com
tclary@qslwm.com

**ATTORNEYS FOR PLAINTIFFS HANOVER LLOYD'S INSURANCE COMPANY and HANOVER INSURANCE COMPANY**